BOARD OF TAX APPEALS.

**FETTERS, Plaintiff-Appellant v. GRAND LODGE, BROTHERHOOD OF RAILROAD TRAINMEN, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 1822.    Decided January 31, 1945.

Clifford R. Curtner, Dayton, A. K. Meck, Dayton, for plaintiff-appellant.

582

Matthews, Matthews & Altick, Dayton, for defendant-appellee.

## OPINION

By GEIGER, J.

This matter is before this court on appeal from judgment in favor of the defendant rendered in the Court of Common Pleas of Montgomery County, Ohio. The appeal is on questions of law.

The action of the appellant is based upon his claim that under the terms of an insurance contract with the Grand Lodge, Brotherhood of Railroad Trainmen, there is due him on account of injuries suffered by him the sum of $2,000.00. Appellant in the court below filed his petition and three amended petitions. The first and second amended petitions were filed as a result of motions made by the defendant and sustained by the court. The last amended petition was filed on the application of the appellant himself, on the ground that his former petitions had not clearly stated the claim that he was asserting against the Brotherhood.

In the third amended petition, the appellant alleges that the Brotherhood is a national fraternal organization operated on the lodge plan with its principal office in Cleveland, Ohio, and with a local lodge in Dayton, Ohio; that defendant created and maintains an insurance department separate and distinct from all other departments except that the department agrees to make all payments to the certificate holders out of the department's funds; that the department is called The Individual Reserve Insurance Department of the Brotherhood of Railroad Trainmen, and its sole object has been to operate a mutual insurance business and provide the members of the Brotherhood Insurance based upon adequate rates; that the rules of the department provide that no disability benefits shall be paid to any certificate holder except when owing to him and upon the payment by said holder of premiums therefor based upon adequate disability tables; that said Insurance Department was and is engaged in contracting with members of the Brotherhood who apply for insurance contracts

covering insurance on their lives and for disability benefits in the event they suffer disabilities, providing such members pass a satisfactory medical examination and agree to pay the premiums; that such contracts are evidenced by certificates written without disability benefits for stipulated premiums, and are written with disability benefit provision if the disability benefits are desired, in which case an additional premium is charged.

It is alleged that there are two kinds of disability benefits set forth in the rules of the Brotherhood, one was referred to as "Rule 20" of the Individual Reserve Insurance Department and the other referred to as "Rule 22" of the said department.

It is alleged that plaintiff at all times was a member of said defendant organization, being a member of the local Dayton Lodge; that he applied to the insurance department for $2,000.00, twenty year endowment, Individual Reserve Insurance Certificate, with both kinds of disability benefits, and agreed to pay the premium rates for the endowment and the department's additional rate for the extra coverage of both kinds of disability benefits mentioned; that plaintiff's application was approved on June 1, 1932, and a proper Individual Reserve Certificate was issued to him, and provided for the payment of a certain premium per month; that said certificate further provided that the constitution and rules of the Brotherhood then in force for the Individual Reserve Certificate together with the conditions endorsed thereon and the medical examination constituted the contract between the plaintiff and the Brotherhood; that the contract provided that the plaintiff, in order to be entitled to the benefits mentioned in Rule 22, shall have a "just" claim and shall not be paid such benefits if he is actually engaged in train or yard service at the time of filing his petition for such benefits.

It is alleged that said contract is vague and ambiguous as to what constituted a "just" claim, but said contract provides that the parties interpret and construe the same to mean that said second kind of disability shall mean any kind of a disability not specifically described in Rule 20, and is of such a nature as to totally and permanently incapacitate the plaintiff from train or yard service; that said contract provides that if the plaintiff shall become entitled to any benefits for any such disability, he shall be paid Two Thousand Dollars by the defendant.

It is alleged that the plaintiff paid all of the premiums promptly until March 30, 1937; that on September 21, 1934,

while employed as a yard conductor in Dayton, Ohio, he was knocked off the steps of a freight car and received injuries to his right leg, and as a result plaintiff has sustained ankylosis of the right leg of such a nature as to totally and permanently incapacitate him from the performance of train or yard service ever since September 21, 1934, and that plaintiff is totally and permanently incapacitated.

It is alleged that the contract contains a condition to the effect that the plaintiff, in order to be entitled to disability benefits on account of such disability, shall petition the lodge on a form provided by the General Secretary and Treasurer, and that said form must be properly executed by the plaintiff and a regular practicing physician or surgeon, showing the condition of the plaintiff and the basis of his claim; that said contract provides that when the said member's petition shows a "just claim" against the Brotherhood, his local lodge shall approve his petition, but where it is evident from the petition that the member has no just claim, the lodge shall not approve the claim; that the contract further provides that if the member's claim is approved by the lodge, the Secretary of the lodge shall forthwith forward the form with notice of approval to the General Secretary and Treasurer, and as a condition precedent, the General Secretary shall at once forward to the lodge the necessary blanks and instructions for presenting the claim, unless they deem it evident from the information contained in the petition **that there is not just basis for the member's claim,** in which event the General Secretary shall decline to furnish blanks.

It is alleged that the petition to his local lodge for the payment of benefits contained a statement as to the nature of his injuries, and that said petition was approved by the local lodge, whose Secretary notified the General Secretary of such approval; that thereupon the General Secretary approved the said petition and determined that it contained a just basis for such claim and forwarded to the local lodge the necessary blanks, which were properly filled in and forwarded to the Insurance Department in conformance with said contract.

It is further alleged that plaintiff complied with all of the provisions of said contract and has complied with every provision for presenting himself and his claim and proof in all ways, and at all times in the manner provided for in the contract in order to have his claim properly allowed, and complied with and followed all procedure provided therefor, and

exhausted all remedy of appeal provided for therein; that said contract provides that no person, department or board shall pass on any facts connected with plaintiff's claim, except that his local lodge shall pass upon the merit and justness or unjustness of his claim, and the General Secretary and Treasurer shall pass upon the question of whether the petition to the local lodge states a just claim; that the contract further provides that the Individual Reserve Board shall decide the legal interpretation of said contract and the legal sufficiency of the proof, and the liability, if any, of the defendant to pay such claim and whether the plaintiff "shall be paid the amount due on the certificate held by him", or merely may be so paid, and that the contract does not provide for the board to determine any specified facts, but provides that it shall decide the legality of the contract, the legal effect of any and all promises in the contract, and as to whether the plaintiff is entitled to any disability benefit for which he has paid insurance premiums other than for the disability referred to in Rule 20, and that defendant's powers in this respect are so inclusive as to deprive plaintiff of any right of benefit for which he has paid premiums, even though his claim is just, and that the defendant in that manner shall treat the plaintiff as if he was addressing his claim for such benefits to the defendant's benevolence.

The petition further sets out Rule 22, which appears to conflict and make the contract vague and ambiguous, and that the provision of Rule 22 appears to conflict with the provisions of the certificate.

The contract provides that the plaintiff shall be charged for protection against both classes of disability, and that the defendant pay him $2,000.00 if he suffers any of the disabilities if they are as serious as contemplated by said contract, and that the plaintiff's local lodge shall pass upon the merit and justness of the plaintiff's claim subject to the right of the General Secretary to pass upon the question of the sufficiency and statements in the plaintiff's petition and that said benefits shall be paid by the defendant to the plaintiff; it is stated that at all times the Individual Reserve Department has had sufficient funds with which to pay the plaintiff's said claim, and said funds have always been in the possession of the defendant, but it has not paid plaintiff any amount and still owes plaintiff $2,000.00 for which plaintiff asks judgment.

The amended answer of the defendant to the third amended petition admits the allegations of facts alleged in

the petition and the action of the plaintiff in attempting to establish his claim. Defendant denies other allegations.

. Defendant alleges that the plaintiff was not disabled in any particular described in Rule 20, and that he presented his claim under the provisions of Rule 22, which provides that all claims shall be held to be addressed to the benevolence of the Brotherhood, and shall in no case, be made the basis of any legal liability, and that said rule further provides that the approval of the Individual Reserve Board must be obtained by the claimant as a condition precedent to the rights of benefit, and that said rule may be pleaded as a bar in any suit or action at law which may be commenced in any court.

Defendant alleges that said Individual Reserve Board disapproved and rejected plaintiff's claim; that plaintiff then appealed to the Board of Insurance in accordance with the provisions of Rule 22, which Board also disapproved and rejected said claim; and that said Rule 22 provides that such decision of the Board of Insurance shall be final.

The plaintiff filed a reply in which he admits that he was not disabled in the particulars or manner described in Rule 20, but says that the kind of benefits he claims are disability benefits set forth in the Constitution and Rules of the Brotherhood and referred to in Rule 22. He makes further allegations as to the presentation of his claim and its allowance by the local lodge and its rejection by the Boards to whom he afterwards appealed. He asserts that the contract provided that the plaintiff shall receive the benefits set forth in Rule 22 if he receives the kind of injury set forth in his petition, and that the contract attempts to bar the court from passing upon the legal liability of the defendant to comply with its part of said contract, and attempts to give the defendant's said Individual Reserve Board that right and to take it away from the Court; provides that the defendant may plead such statement in bar of any suit or action at law or in equity.

Plaintiff says that defendant is not authorized to use any of its funds to dispense charity, and according to its contract with the plaintiff and other certificate holders, it may retain it assets for the protection of the certificate holders, and dare not dispense charity to this plaintiff or any other person or otherwise waste or squander its assets, but must retain the same in a fund for the protection of the certificate holders who have just claims; that the Insurance Department is conducting nothing but an insurance business and has acquir-

ed all of its assets in that manner and in that business and holds said assets in trust for that purpose.

It is further asserted that the defendant drafted its contract and arbitrarily and in an adroit manner attempts to confuse the courts that might be called upon to construe the contract and to distract the courts attention from the main purpose of said Rule 22, which is to give the defendant the right to decide any legal controversy and take that away from the courts; that it further provides that no claim shall ever be presented to the Individual Insurance Reserve Board until it has first been approved by the local lodge, and approved as set forth in the Third Amended Petition, by the General Secretary and Treasurer, and that the local lodge shall not approve any claim unless it is "just", and unless the claimant's injuries are of such nature as to totally and permanently incapacitate the plaintiff from the performance of train or yard service, and that the plaintiff and defendant, before entering into said contract, agreed that the contract should be construed and interpreted to mean what the plaintiff alleges in his petition.

Plaintiff admits that the Individual Reserve Board rejected his claim and that Rule 22 provides that such decision shall be final, but he says that the Board did not attempt to and was not authorized to pass upon the question of whether or not the plaintiff was disabled as he claims and did not attempt to and was not authorized to decide any other fact, but attempted and did arbitrarily decide that the defendant should not pay the plaintiff any money even if he did receive such injuries and such disabilities and was permanently disabled in the manner contemplated by the parties to the contract.

After hearing the evidence without the intervention of a jury, the court, upon application of the defendant, made a finding of fact and conclusion of law. In the eleventh finding of fact the court finds that in 1934 while employed as a switchman, plaintiff received the injuries complained of, and that as a result thereof, he sustained ankylosis of the right leg and ankle, permanently and totally disabling and incapacitating him from performing train and yard services ever since September 21, 1934.

The finding of facts follow the agreed statement of counsel as relates to the matters set upon the various pleadings. The court renders thirteen separate findings and conclusions of law based upon the evidence, some of which were objected to as incompetent.

The court's first conclusion of law is that the provisions of Rule 22 of the Individual Reserve Insurance Department are not void as being against public policy, and that it is not contrary to public welfare and morals for the defendant to receive an insurance premium, the consideration for which is the definite promise to pay $2,000.00 for the loss of limb or eyesight and the right to address a disability claim for other disabilities to the benevolence of the Brotherhood.

The court in a separate finding and conclusion of law, covers in detail the claims of the parties hereto, and concludes in finding 13 to the effect that since plaintiff's insurance contract contained no promise to pay plaintiff the sum of $2,000.00 upon his becoming disabled from the performance of train or yard service, defendant is not indebted to the plaintiff in any sum whatever; that the denial of disability benevolence by the defendant, did not involve a determination of plaintiff's legal rights, and in view of this provision of Individual Reserve Rule 22, the court cannot afford plaintiff any relief.

The court therefore finds for the defendant against the plaintiff upon the issues. A motion for a new trial was made and overruled as was a motion for judgment notwithstanding the finding of the court. The final entry from which appeal is taken is to the effect that judgment is entered against the plaintiff and in favor of the defendant.

As will be recognized, the contract and the issues made in the trial are conflicting and difficult to follow and that fact makes necessary the rather lengthy statement in reference to the issues.

While there are many questions presented, the issues revolve largely around Rule 20 and Rule 22. Rule 20 provides in substance that any individual reserve member in good standing, whose certificate provides for total and permanent disability by reason of the injuries enumerated in said rule, and who suffers such injuries, shall be considered totally and permanently disabled, but not otherwise, and shall thereby be entitled to receive, upon sufficient proof, the amount due on its Individual Reserve Certificate and payment of the amount shall be considered a surrender by the plaintiff.

The plaintiff did not sustain any of the injuries enumerated in Rule 20, but as was found by the court, was totally and permanently disabled as a trainman in yard service.

Rule 22 provides in substance that all claims for disability not coming within the provisions of Rule 20, shall be held to be

addressed to the benevolence of the Brotherhood and shall in no case be made the basis of any legal liability on the part of the Brotherhood; that every such claim shall be referred to the Individual Reserve Board who shall prescribe the character and decide as to the sufficiency of the proof, **and after approval by the Board**, the claimant shall be paid the amount due on the certificate and such payment shall be considered a cancellation of such certificate, and provided that the approval of such Board shall be required as a condition precedent to the right of any such claimant to benefits thereunder, and that this rule may be pleaded in bar of any suit or action at law or in equity, which may be commenced in any court to enforce the payment of any such claims. Any claim disapproved or rejected, may be appealed to the Board of Insurance, and the decision of the Board of Insurance shall be final.

It is claimed by the Brotherhood that the plaintiff was not disabled in any of the particulars described in Rule 20, and that he presented his claim under Rule 22, and addressed to the benevolence of the Brotherhood; said claim was refused by the Individual Reserve Board.

## ASSIGNMENT OF ERRORS

Plaintiff, for his assignment of errors, asserts that the judgment entered by the court in the above entitled cause is erroneous and against the appellant in the following particulars:

1. The court erred in not finding that the plaintiff was entitled to recover from the defendant as prayed for.

2. The court erred in overruling plaintiff's motion for judgment notwithstanding the findings of the court.

3. The court erred in overruling plaintiff's motion for a new trial.

4. The court erred in entering judgment for the defendant.

Both sides have filed interesting briefs to which the court has given its close attention.

While the plaintiff, no doubt, was under the impression that under the provisions of his certificate he was entitled to compensation in the sum of $2,000.00 if he suffered a total disability, by Rule 20 it appears that in order to be entitled to such amount, the plaintiff must have suffered the specific disability described in Rule 20, and that if he did not so suffer, he might, by Rule 22, make application to the benevolence of the Brotherhood, and that his application to such benevolence shall in no case be made the basis of any legal

liability, and that certain officials of the Brotherhood shall be entitled to finally pass upon his claim for compensation.

While it appears that the provision of Rule 22 is rather harsh as against the claim of one who has suffered total disability, but if in accordance with the special provisions of Rule 20 he should be deprived of compensation, yet we find no rule by which the company may not make the provisions that are detailed in Rule 22, and that inasmuch as the officers and directors have finally denied the claim of the plaintiff, he must abide by their conclusion.

We do not find anything in the provisions of either of these rules or of other rules that is ambiguous, vague or uncertain, so as to permit the court to interpret their meaning. The statements are plain and readily determined, and the sole facts remain as to whether the insurance provisions of the Brotherhood may, under the law, deny the courts the right to review their action if the same was made in strict compliance with the rules of the Brotherhood.

In fraternal insurance, the courts have always determined that the provisions of the rules of the organization shall be controlling, and that a claimant who has paid premiums to the organization with the expectation of being insured against total disability, must abide by the rules to which he has subscribed by becoming a member of the organization.

We are unable to discover any error in the judgment of the Court below and we overrule all the assignments of error and affirm judgment of the Court below.

(HORNBECK, J. and NICHOLS, J., of the 7th Appellate District sitting by designation in place of Barnes, P. J., concur).